LATHAM & WATKINS LLP
  Paul H. Dawes (Bar No. 55191)
  John C. Tang (Bar No. 212371)
  Andrew M. Farthing (Bar No. 237565)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile:  (650) 463-2600

LATHAM & WATKINS LLP
  David M. Friedman (Bar No. 209214)
  Samuel B. Lutz (Bar No. 241165)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile:  (415) 395-8095

Attorneys for Nominal Defendant
Waste Connections, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KENNETH TRAVIS, et al.<br>        Plaintiff,<br>    v.<br>RONALD J. MITTELSTAEDT, et al.,<br>        Defendants,<br>    and<br>WASTE CONNECTIONS, INC., a Delaware corporation,<br>        Nominal Defendant. | CIV S-06-02341 FCD GGH<br><br>CONSOLIDATED ACTION<br><br>STIPULATED AND PROTECTIVE ORDER REGARDING DISCOVERY RELATED TO SPECIALLY APPEARING DEFENDANTS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(2).<br><br>Action Filed: October 24, 2006<br><br>Judge: Hon. Frank C. Damrell, Jr. |
| LAWRENCE PIERCE, et al.<br>        Plaintiff,<br>    v.<br>RONALD J. MITTELSTAEDT, et al.,<br>        Defendants,<br>    and<br>WASTE CONNECTIONS, INC., a Delaware corporation,<br>        Nominal Defendant. | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

1    WHEREAS, on June 21, 2007, Nominal Defendant Waste Connections moved to
2    dismiss plaintiffs' consolidated complaint for failure to make a pre-suit demand pursuant to
3    Fed.R.Civ.P. 23.1;
4    WHEREAS, on June 21, 2007, Individual Defendants, including Specially
5    Appearing Defendants Messrs. Harlan and Razzouk, moved to dismiss plaintiffs' consolidated
6    complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6);
7    WHEREAS, on June 21, 2007, Specially Appearing Defendants Messrs. Harlan
8    and Razzouk also moved to dismiss certain claims for lack of personal jurisdiction pursuant to
9    Fed.R.Civ.P. 12(b)(2);
10   WHEREAS, all defendants believe that discovery is not permitted unless and until
11   it is determined that plaintiffs' have complied with the pre-suit demand requirement pursuant to
12   Fed.R.Civ.P. 23.1;
13   WHEREAS, all defendants believe that discovery is not permitted while a motion
14   to dismiss is pending pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15
15   U.S.C. § 78u-4(b)(3)(B);
16   WHEREAS, the parties agree that the participation of Specially Appearing
17   Defendants in discovery related to the issue of personal jurisdiction shall not waive or otherwise
18   affect their position that they are not subject to the personal jurisdiction of this Court;
19   WHEREAS, however, plaintiffs and all defendants agree that plaintiffs shall be
20   permitted to take limited discovery related solely to the issue of whether the Court has personal
21   jurisdiction to adjudicate certain claims asserted against Messrs. Harlan and Razzouk;
22   NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the
23   undersigned counsel for the parties that the following terms and conditions of this Stipulated
24   Protective order shall govern all discovery conducted before any rulings on the motions to
25   dismiss filed June 21, 2007:
26   **GENERAL DEFINITIONS AND PROVISIONS:**
27   1.    Only the following persons or entities are "Parties" to this action:  Waste
28   Connections, Inc. (including its officers and directors), Individual Defendants Ronald J.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

1  Mittelstaedt, Robert H. Davis, Eugene V. Dupreau, Steven F. Bouck, Darrell W. Chambliss,
2  David M. Hall, Jerri L. Hunt, James M. Little, David G. Eddie, Eric O. Hansen, Kenneth O. Rose,
3  Michael R. Foos, and Eric J. Moser (collectively "Individual Defendants") and *Specially*
4  *Appearing* Defendants Michael Harlan and William Razzouk ("Specially Appearing
5  Defendants"), and Plaintiffs Kenneth Travis and Lawrence Pierce ("Plaintiffs").

6        2.      All discovery produced by Defendants during the pendency of the motions
7  to dismiss filed on June 21, 2007 or any other subsequent motion to dismiss (including any
8  deposition testimony given), shall be used (if at all) only in connection with their opposition to
9  Specially Appearing Defendants Motion to Dismiss State Law Claims for Lack of Personal
10 Jurisdiction.  No such documents produced (or deposition testimony given) during the pendency
11 of the motions to dismiss shall be cited in, or otherwise used by plaintiffs in connection with
12 opposing either the Nominal Defendants' Motion to Dismiss for Failure to Make a Pre-Suit
13 Demand or the Individual Defendants' Motion to Dismiss for Failure to State a Claim, or for any
14 other purpose other than that mentioned in the preceding sentence.

15       3.      Any depositions taken during the pendency of the motions to dismiss filed
16 on June 21, 2007, or any other subsequent motion to dismiss, shall be limited solely to the issue of
17 whether the Court has personal jurisdiction over Messrs. Harlan and Razzouk to adjudicate state
18 law claims alleged in Plaintiffs' Complaint.

19       4.      As used in this Order, "Disclosing Party" shall refer to the Parties in this
20 action, as well as any third parties, who convey information, give testimony or produce
21 documents; "Designating Party" shall refer to any Party to this action who designates material
22 disclosed by any Disclosing Party as "CONFIDENTIAL," "CONFIDENTIAL — FOR
23 ATTORNEYS' EYES ONLY,"; "Receiving Party" shall refer to the Party who receives material
24 produced by a Disclosing Party in response to a document request, subpoena, by agreement or
25 otherwise.

26       5.      "Confidential Information" as used herein refers to any information that is
27 disclosed by any Party, or any third parties, in connection with this action that the Designating
28 Party claims, in good faith, constitutes or contains financial or other business information of a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

proprietary, confidential, or commercially sensitive nature, information invasive of an individual's legitimate privacy interests.

6. For purposes of this Protective Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a Party or a non-party, and whether *produced* pursuant to document requests, subpoena, by agreement or otherwise.

**CONFIDENTIAL INFORMATION**

7. Confidential Information includes information conveyed by the Disclosing Party to the Receiving Party directly or through its counsel that the Designating Party claims in good faith to be its financial or other business information of a proprietary, confidential, or commercially sensitive nature, or information invasive of an individual's legitimate privacy interests, including:

(a) Information set forth in response to discovery requests, provided that prior to disclosure to the Receiving Party through its counsel, the responses are marked by the Designating Party with one of the following legends:

**CONFIDENTIAL**
**Subject to a Protective Order**

or

**CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY**
**Subject to a Protective Order**

or similar legend agreed upon by the Parties clearly indicating whether the Designating Party intends that the material is to be viewed only by attorneys and experts for the Receiving Party, or by other designated individuals as provided herein;

(b) Information set forth in documents produced in response to a request for production, provided that prior to or at the time of production to the Receiving Party through its counsel, the Designating Party designates such documents as Confidential Information or marks copies of such documents with a legend as set forth in subparagraph (a) above;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

1    Where a Disclosing Party produces documents from its files for inspection
2    and selection for copying by a Receiving Party, a Designating Party through its counsel may
3    require that, during the course of production, such documents only be reviewed by persons
4    authorized to receive Confidential Information pursuant to Paragraphs 10 or 11 of this Order, and
5    any copies, reproductions, summaries, excerpts, compilations, notes, or information obtained or
6    generated by such reviewers during the course of production shall be treated as Confidential
7    Information designated for access only as contemplated by Paragraphs 10 or 11;

8    (c)    Information disclosed during depositions, provided that counsel,
9    the witness, or the Party whose Confidential Information is to be or was disclosed, states on the
10   record at the deposition what is to be treated as Confidential Information.  Additionally, a Party
11   or non-party may designate such Confidential Information in writing within thirty (30) days of
12   the completion of the transcript of such deposition (as certified by the court reporter).  After any
13   such written designation, counsel for all the Parties shall be responsible for marking the
14   designated material in all previously unmarked copies of transcripts with a legend as set forth in
15   subparagraph (a) above.  Prior to the expiration of such thirty (30) day period, all information
16   disclosed during a deposition shall constitute Confidential Information, unless otherwise agreed
17   by the Parties and the witness, or ordered by the Court;

18   (d)    Any other information conveyed by the Disclosing Party to the
19   Receiving Party directly or through its counsel that the Designating Party claims in good faith to
20   be its financial or other business information of a proprietary, confidential, or commercially
21   sensitive nature, or information invasive of an individual's legitimate privacy interests, provided
22   that, prior to disclosure to the Receiving Party through its counsel, the information, if in written
23   or other tangible form, is marked by the Designating Party with one of the legends set forth in
24   subparagraph (a) above, and, if in oral or other intangible form, is identified as Confidential
25   Information and, if practical, within fifteen (15) days after disclosure is reduced to written form
26   which bears one of the notices set forth above;

27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

(e) Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (a) through (e), inclusive, above.

8. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain materials entitled to protection may be accorded status as Confidential Information, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from information that is not entitled to protection under this Protective Order.

9. The designation or non-designation of any information shall not constitute waiver of any subsequent designation of the information. Redesignation of the information shall be made in writing, accompanied by the Bates number of the original item, and an appropriately marked substitute copy of each redesignated item. All Parties shall immediately replace the original item with the substitute copy, and either return the original item and all copies thereof to the Designating Party, or confirm in writing to the Designating Party that the original has been destroyed.

**DECLASSIFICATION OF CONFIDENTIAL STATUS**

10. All Confidential Information shall be accorded confidential status pursuant to the terms of this Protective Order, unless the Parties formally agree in writing to the contrary, or a determination is made by the Court as to the item's confidential status and that determination has become final by expiration of the time period within which appellate review or intervention must be sought.

11. Any Party who reasonably disputes the designation of any information as "Confidential Information" pursuant to this Stipulated Protective Order may challenge that designation at any time after receiving notice of the designation. The Parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. In the event that informal resolution is not achieved, any Party wishing to challenge the protection under this Protective Order of the disputed information may file a motion with the Court. In the event a motion is timely filed pursuant to this paragraph, the Confidential

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

5

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

1  Information in question shall remain subject to this Stipulated Protective Order until the Court
2  rules on the motion.

**DISCLOSURE OF CONFIDENTIAL INFORMATION**

4      12.  Confidential Information may be designated "CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY" only if the Designating Party reasonably and in good faith believes that such Confidential Information is so highly sensitive that its disclosure other than as provided for in this Paragraph could result in substantial harm.  Confidential Information designated "CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY" shall be deemed to require the highest degree of confidentiality and may be disclosed only to (i) in-house and outside attorneys for the Parties, and their respective employees; (ii) copy services retained by counsel for the Parties for the preparation of this action; and (iii) outside experts or consultants retained for the purposes of this litigation provided that (a) review of such Confidential Information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is necessary for such expert or consultant to render his or her opinion; and (b) Confidential Information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not, under any circumstances, be divulged to any expert or consultant who is affiliated with any Waste Connections competitor, supplier, or customer, without prior written consent from Waste Connections.

18      13.  Confidential Information designated "CONFIDENTIAL" may be disclosed subject to all the provisions and restrictions employed with respect to materials and information designated "CONFIDENTIAL -- FOR ATTORNEYS' EYES ONLY," except that Confidential Information designated "CONFIDENTIAL" may also be disclosed to Parties and their employees to the extent deemed necessary by counsel for the prosecution or defense of this litigation, and to a Parties' experts or consultants of a Party pursuant to Paragraphs 12 and 13 below.

24      14.  Confidential Information shall not be disclosed to any expert or consultant for a period of at least five (5) business days after service on all Parties of information regarding the identity of the expert or consultant, including his/her name, address, and job title, the name and address of his/her employer, and a current curriculum vitae, including a list of all companies for which such person has consulted during the previous year.  If, within five (5) business days of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

1   the date of such notice, another Party objects to the disclosure of Confidential Information to the
2   expert or consultant identified then, unless the Parties otherwise agree, the objecting party shall
3   have five (5) business days to file an appropriate motion to preclude disclosure of Confidential
4   Information to the expert or consultant.  No Confidential Information may be disclosed to the
5   expert or consultant until the motion is decided.

6           15.     Before a Receiving Party discloses any Confidential Information to any
7   expert or consultant or non-party witness, the expert or consultant or non-party witness must
8   certify that he or she has read this Order and manifest his or her assent to be bound thereby by
9   signing a copy of the Undertaking, the form of which is attached hereto as Exhibit A.  Once a
10  person has executed the Undertaking, it shall not be necessary for that person to sign a separate
11  Undertaking each time that person is subsequently given access to Confidential Information.
12  Each Undertaking executed by an expert or consultant or non-party witness shall be retained by
13  counsel for the Receiving Party, and a copy of the executed Undertaking shall be served on all
14  other Parties to this action.  Persons receiving Confidential Information are enjoined from
15  disclosing it to any other person, or using it in any other litigation, except in conformance with
16  this Stipulated Protective Order.  Non-party witnesses who are shown Confidential Information
17  shall not be allowed to retain copies of Confidential Information.

18          16.     Nothing herein shall prohibit a Party, or its counsel, from disclosing a
19  document designated "CONFIDENTIAL" or "CONFIDENTIAL — FOR ATTORNEYS' EYES
20  ONLY" to the author or recipient of such document, or to a person who is a current executive
21  officer or director of the same company as the author or recipient, or who served as an executive
22  officer or director of that company at the time the document was authored, or to an individual
23  designated by a current officer or director, of the same company as the author or recipient, as
24  having permission to see such document.

25          17.     Nothing in the provisions of this Protective Order shall prevent a
26  Designating Party from using its own Confidential Information in any manner it desires.

27          18.     Confidential Information shall be used only by persons permitted access to
28  it pursuant to Paragraphs 10 and 11; shall be used only for the purpose of this action; shall not be

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

disclosed to persons other than those permitted access pursuant to Paragraphs 10, 11 and 14, and the Court and necessary Court personnel, and shall not be disclosed to any individual or entity that is involved in any action against the defendants, other than the actions covered by this Stipulation and Protective Order.  Any party or attorney that is involved, or anticipates involvement in, any legal action against defendants other than the actions covered by this Stipulation and Protective cannot have access, directly or indirectly, to Confidential Information.  Moreover, any Confidential Information obtained in this litigation shall not be used in connection with or in furtherance of any other pending or future litigation.

19.  Each individual who receives any Confidential Information hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.  The recipient of any Confidential Information that is provided under this Order shall maintain such information in a secure and safe area, and shall use best efforts to maintain the confidentiality of such information.

20.  No person shall attend portions of depositions during which Confidential Information is disclosed unless such person is an authorized recipient of Confidential Information under the terms of this Order.  If, during the course of a deposition, the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or the Party whose Confidential Information would be disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

21.  Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any such testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

22. If any information that a Designating Party claims in good faith is Confidential Information is inadvertently disclosed to a Receiving Party without being properly designated as Confidential Information, the Designating Party may notify each Receiving Party that such Confidential Information inadvertently was not so designated, provided the Designating Party gives such notice in writing within ten (10) days after becoming aware that the Confidential Information was not properly designated. Such written notice shall identify with specificity the information or documents the Designating Party is then designating to be Confidential Information. If the Designating Party gives such written notice as provided above, its claims of confidentiality shall not be deemed to have been waived by its failure to designate properly the information as Confidential Information prior to disclosure. Upon receipt of written notice as provided for herein, the Receiving Party shall mark the original and all known copies of the documents with the proper designation. In addition, the Receiving Party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive Confidential Information in accordance with the proper designation, under the terms set forth herein.

23. A person with custody of Confidential Information shall maintain it in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of this Order.

24. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

(a) At the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or

(b) At the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available.

**USE IN PAPERS FILED WITH THE COURT, AND AT TRIAL OR HEARING**

9

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   If a Party seeks to file with the Court any document or thing that contains Confidential Information, including without limitation any brief or memorandum, the document(s) shall be conditionally lodged under seal. If within ten (10) days of the conditional lodging, a Party fails to file a motion for an order sealing the record, the document(s) may be filed without seal. If a Party files a motion for an order sealing the record and the Court denies the motion as to any particular document, the Parties shall seek further guidance from the Court regarding use of the document(s).

25. Should need arise during any hearing before the Court for any party to disclose Confidential Information, it may do so only in camera or after other appropriate safeguards are provided by the Court.

26. The Parties shall meet and confer regarding procedures governing the use of Confidential Information at trial.

**OTHER PROVISIONS**

27. In the event any person or Party having possession, custody or control of any Confidential Information receives a subpoena or other process or order to produce such information in another unrelated legal proceeding, such person or Party shall promptly notify the attorneys of record of the Designating Party claiming confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected. The Designating Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. If the Party asserting the Confidential Information designation wishes to take legal action to quash the subpoena, process or order, it must notify the Receiving Party of its intent within five (5) court days after receiving notice, in which case the Receiving Party shall not produce such documents while such legal proceedings are pending. If no such notification is made, the receiving person or party is entitled to comply with the subpoena, process or order.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

28. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, including all appeals, unless otherwise agreed or ordered.  At the conclusion of the litigation, including all appeals, any document or thing, other than attorney work product, which contains Confidential Information of a Party and all copies made thereof, including any copies provided to any other persons, shall within 60 days be returned to the Designating Party, or it shall be destroyed.  If a Party destroys, rather than returns, Confidential Information, that Party shall certify in writing that such documents have been destroyed, and serve such certification on the Designating Party within 30 days.  At the conclusion of this litigation, including all appeals, counsel for the Parties shall maintain the confidentiality as specified in this Order of all work product materials containing Confidential Information, and shall not use Confidential Information for any other purpose.

29. This Order shall be without prejudice to the right of any Party to oppose production of any information on any ground allowed under the Federal Rule of Civil Procedure, or applicable law.

30. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for inadvertent disclosure of material protected by privilege or work product protection.

31. Any violation of the terms of this Protective Order may result in the imposition of such relief as the Court deems appropriate, including specific performance and injunctive relief.  It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.  The Court shall retain jurisdiction to enforce this Stipulated Protective Order beyond the conclusion of this litigation, including personal jurisdiction over all persons subject to this Order.

32. Nothing in the provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that Party may consider appropriate.

33. This Protective Order may be executed in counterparts.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

| | | |
|---|---|---|
| 1 | Dated: September 12, 2007 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| | |    Paul H. Dawes |
| 3 | |    John C. Tang |
| | |    David M. Friedman |
| 4 | |    Andrew M. Farthing |
| | |    Samuel B. Lutz |
| 5 | | |
| 6 | | By  /s/ David M. Friedman |
| | |    David M. Friedman |
| 7 | |    Attorneys for Nominal Defendant Waste |
| | |    Connections, Inc. |

Dated: September 12, 2007

SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP

By /s/ Nichole T. Browning (as authorized on 9/12/07)

Alan R. Plutzik (Bar No. 077785)
Timothy Fisher (Bar No. 191626)
Nichole T. Browning
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile:  (925) 945-8792

Eric L. Zagar
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056

*Attorneys for Plaintiffs*

IT IS SO ORDERED.

DATED: September 27, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH

**EXHIBIT A**

UNDERTAKING TO BE BOUND BY CONFIDENTIAL ORDER

I, _____ (print or type name), hereby certify that I have read the "Stipulation and [Proposed] Protective Order" in the action entitled *Travis, et al. v. Mittelstaedt, et al.*, and *Pierce, et al.* v. *Miettelstaedt, et al.*, Consolidated Case No. CIV S-06-02341 FCD GGH, prior to receiving any Confidential Information as defined therein, that I understand the terms and effect of that Order, and that I agree, upon the potential penalty of contempt and other remedies, to be bound thereby. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California, in connection with that Order.

I understand that all Confidential Information, as defined in the Order, including, but not limited to any copies thereof or notes or other transcriptions made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to the counsel for the party or other person who provided such Confidential Information.

I hereby declare that I am not affiliated with any competitor, supplier, or customer, of Waste Connections, Inc.

I declare the foregoing under penalty of perjury under the laws of the State of California.

DATED: _____      SIGNED: _____

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

STIPULATED AND PROTECTIVE ORDER
RE DISCOVERY RELATED TO 12(B)(2) MOTION
06-CV-02341-FCD-GGH