UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH TRAVIS, et al., | ) CV 06-2341 LEW GGH |
| Plaintiffs, | ) **ORDER GRANTING DEFENDANTS'** <br> ) **REQUEST AND SUPPLEMENTAL** <br> ) **REQUEST FOR JUDICIAL** |
| v. | ) **NOTICE** |
| RONALD J. MITTELSTAEDT, et al., AND WASTE CONNECTIONS, INC., | ) **ORDER GRANTING NOMINAL** <br> ) **DEFENDANT'S MOTION TO** <br> ) **DISMISS** |
| Defendants. | ) **ORDER DISMISSING AS MOOT** <br> ) **SPECIALLY-APPEARING** <br> ) **DEFENDANTS' MOTION TO** <br> ) **DISMISS AND INDIVIDUAL** <br> ) **DEFENDANTS' MOTION TO** <br> ) **DISMISS** |

Before the Court are Defendants' Request and Supplemental Request for Judicial Notice, as well as Defendants' three Motions to Dismiss: (1) Nominal Defendant Waste Connections, Inc.'s Motion to Dismiss for failure to make pre-suit demand; (2) Specially-appearing Defendants' Motion to Dismiss for lack of

personal jurisdiction; and (3) Individual Defendants' Motion to Dismiss for failure to state a claim.  The Court took this matter under submission on January 18, 2008.  Having considered all papers submitted pertaining to the above Motions, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

As an initial matter, the Court **GRANTS** Defendants' Request for Judicial Notice. The Court will take judicial notice of the fact and existence of these documents.

A. <u>WCI's Motion to Dismiss</u>

Nominal Defendant WCI filed a single Motion to Dismiss, entitled "...Motion to Dismiss for Failure to Make Pre-Suit Demand."  WCI maintains that the Court should dismiss the complaint based on the failure to make pre-suit demand or in the alternative, dismiss the complaint for the failure to plead contemporaneous stock ownership.

**1.   Demand Futility**

A derivative suit necessarily infringes on directors' managerial freedom. <u>Aronson v. Lewis</u>, 473 A.2d 805, 811 (Del. 1984).  The demand requirement of FRCP 23.1 is meant to insure plaintiffs have exhausted other avenues before taking this drastic measure.  <u>Id</u>.

2

1

2    Under Rule 23.1, plaintiffs must demand that
3 directors take action on an issue before bringing a
4 shareholder derivative action, or alternatively must
5 establish that demand would have been futile.  <u>Aronson</u>,
6 473 A.2d at 812.

7

8    When the alleged wrong constitutes a business
9 decision by the whole board of directors, a court should
10 employ the <u>Aronson</u> test, which evaluates whether, under
11 the particularized facts alleged, a reasonable doubt is
12 created that: 1) the directors are disinterested and
13 independent; or 2) the challenged transaction was
14 otherwise the product of a valid exercise of business
15 judgment.  <u>Aronson</u>, 473 A.2d at 812, overruled on other
16 grounds by <u>Brehm v. Eisner</u>, 746 A.2d 244 (Del. 2000).

17

18    The Court finds that Plaintiffs have properly plead
19 that four of the five directors as of April 2007 were
20 interested directors.  Moreover, Plaintiffs have
21 sufficiently plead, and the Court is satisfied, that
22 demand is properly excused in this case as futile.
23 ///
24 ///
25 ///
26 ///
27
28                             3

### 2. Failure to Plead Contemporaneous Stock Ownership

Rule 23.1 requires a shareholder derivative plaintiff to plead that "the plaintiff was a shareholder...at the time of the transaction of which the plaintiff complains." The Ninth Circuit has interpreted this provision as requiring that the derivative plaintiff "be a shareholder at the time of the alleged wrongful acts" and "retain ownership of the stock for the duration of the lawsuit." Lewis v. Chiles, 719 F.2d 1044, 1047 (9th Cir. 1983). A derivative plaintiff has no standing to sue for misconduct that occurred prior to the time he became a shareholder of the corporation. Kona Enterprises, Inc. v. Estate of Bishop, 179 F.3d 767, 769 (9th Cir. 1999). Thus, a shareholder derivative complaint must indicate when plaintiffs bought stock in the company, and must state that they have owned stock continuously since the date of the filing of the lawsuit. In re Sagent Technology, Inc., 278 F. Supp. 2d 1079, 1096 (N.D. Cal. 2003).

Plaintiffs' only statement in their Complaint about stock ownership was that they "are, and were at all relevant times, shareholders of nominal defendant Waste Connections." (Corrected Verified Consolidated Shareholder Derivative Complaint ("Complaint") ¶ 11.)

4

1  Nominal Defendant argues in its Motion to Dismiss
2 that this statement did not reach the level of
3 specificity required by the 9th Circuit, citing <u>Kona</u>
4 <u>Enterprises</u> for the proposition that Plaintiffs must
5 allege specific facts establishing that they owned stock
6 in WCI at all times during alleged wrongdoing. (WCI MTD
7 at 8.)  To buttress this assertion, Nominal Defendant
8 also claims that the statement that a "general
9 allegation" that a plaintiff "is, and was during the
10 relevant period" a shareholder is not sufficiently
11 specific.  <u>Id</u>. (<u>citing</u> <u>In re Computer Sciences Corp.</u>
12 <u>Derivative Litig.</u>, 2007 U.S. Dist. LEXIS 25414, at *48
13 (C.D. Cal. 2007)).

15  Plaintiffs reply that they are not required to
16 plead such specific information regarding dates of stock
17 purchases, and moreover assert that at least one
18 plaintiff has held WCI stock since 1998. (Opp. at 41.)
19 Plaintiffs alsostate that they have standing under both
20 the fraudulent concealment and continuing harm doctrines
21 because they alleged Defendants concealed their
22 wrongdoing by misconduct or misrepresentations.  (Opp.
23 at 41.)

25  Delaware law precludes Plaintiffs from bringing a
26 shareholder derivative complaint without specific
27 pleadings regarding when they purchased WCI stock and

5

how long they held it.  <u>See In re Computer Sciences Corp. Derivative Litig.</u>, 2007 U.S. Dist. LEXIS 25414, at *48 (C.D. Cal. 2007).  Moreover, each alleged instance of stock option backdating is considered an independent event, not a "continuing wrong."  <u>See In re Verisign, Inc., Derivative Litigation</u>, 2007 WL 2705221, at *24 (N.D. Cal. 2007).

Plaintiffs have failed to properly plead stock ownership and therefore Nominal Defendant's Motion to dismiss is **GRANTED** as no shareholder derivative action can proceed unless Plaintiff pleads with particularity the dates of acquisition and sale of stock.  Plaintiffs are, however, **GRANTED TWENTY DAYS LEAVE TO AMEND.**

The Individual Defendants rightly noted that, if this Court grants Nominal Defendant's Motion to Dismiss pursuant to Rule 23.1, there is no need for the Court to reach the issues raised by the Individual Defendants. (MTD at 1.)  Because this was filed as a shareholder derivative action, no part of it can proceed without the proper showing of contemporaneous stock ownership. Therefore, Specially-appearing Defendants' and Individual Defendants' Motions to Dismiss must be **DENIED AS MOOT** at this time.

6

Nevertheless, because this technical pleading issue is likely to be resolved quickly, the Court finds it appropriate to offer Specially-Appearing Defendants some guidance as to how the Court would rule on a similar motion filed at a later time.

B. **Specially-Appearing Defendants' Motion to Dismiss State Law Claims for lack of Personal Jurisdiction**

A plaintiff must make a *prima facie* showing of jurisdictional facts in order to defeat a motion to dismiss under Rule 12(b)(2). Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). Based on a defendant's "minimum contacts" with the forum state, a court can obtain either general of specific jurisdiction over the defendant. Id. at 923. General jurisdiction, which subjects a defendant to suit even for acts unconnected with a defendant's activities in the forum state, is available only if the defendant's activities in the forum state are "substantial, continuous and systematic." Id. A court has specific jurisdiction if the litigation "arises out of or has a substantial connection with" the defendant's activities in the forum state. Id.

The Ninth Circuit has developed a three-part test for determining the existence of specific jurisdiction:

7

```
                (1)  The nonresident defendant must
                     purposefully avail himself of the
                     privilege of conducting activities in
                     the forum state;
                (2)  the claim must be one which arises out
                     of or results from the defendant's
                     forum-related activities; and
                (3)  exercise of jurisdiction must be
                     reasonable.
```

Id.

While this Court cannot exercise general jurisdiction over either specially-appearing defendant, because their contacts cannot be considered "substantial, continuous, and systematic", this Court can exercise specific jurisdiction over both of these Defendants. All three of the elements the Ninth Circuit has established for specific jurisdiction are met here. These defendants purposefully availed themselves of California and its laws by choosing to join the board of directors of a corporation with its principal place of business in California.

This litigation unquestionably arises out of the defendants' activities in California, because all or most of Plaintiff's allegations are based on decisions defendants made or did not make during board and committee meetings in California.

Finally, exercise of this jurisdiction is reasonable because these defendants were benefitting from California laws throughout their service on this

8

board of directors.  California is also the most logical location to hold them accountable for their actions- all or most of the questioned activities took place in California, and all of the other thirteen individual defendants both live and work in the state.

Therefore, both Razzouk and Harlan are subject to personal jurisdiction in the state of California, and should be considered along with the other thirteen individual Defendants for both federal and state claims.

### C.  Common Law and State Statutory Claims

After the dismissal of the federal statutory claims, all of Plaintiffs' claims that are based on common law or state statutes would remain.[1]  These include: action for accounting, breach of fiduciary duty, abuse of control, gross mismanagement, constructive fraud, corporate waste, recission, insider trading, and insider seller and misappropriation of information.  The Court hereby **DEFERS** on these claims at this time, because if Plaintiff is not able to properly plead the federal statutory claims in an amended

---

[1] As with the federal claims discussed above, the common law and state statutory claims all should be dismissed at this time due to the grant of Nominal Defendant's Motion to Dismiss.  However, additional treatment of the state claims is provided in order to give the parties guidance in case of the filing of an amended complaint.  The treatment provided in this section presumes Nominal Defendant's Motion was not granted.

9

complaint, this Court should exercise its discretion to allow these claims to be resolved in a state forum.

**IT IS SO ORDERED.**

/s/
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

DATE: March 18, 2008

10